UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DEIONANDREA SWEETING,<br>    Petitioner, | Case No. 1:19-cv-127 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, NORTH CENTRAL<br>CORRECTIONAL COMPLEX,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in custody at the North Central Correctional Institution at the time this action was commenced, has filed a petition for a writ of habeas corpus in this Court. (Doc. 1). This matter is before the Court on respondent's motion to dismiss, to which petitioner has not responded. (Doc. 5).

For the reasons stated below, the undersigned recommends that respondent's motion to dismiss be granted (Doc. 5) and the petition be dismissed.

In the petition, petitioner raises the following single ground for habeas corpus relief:

**GROUND ONE:** Due Process of law Amendment 14th, § 2929.19(B)(2)(g)(i), (B)(2)(g)(ii), (B)(2)(g)(ii), § 2967.191

Supporting facts: I did send exhibts to the court to verify my incarceration in the County Jail of Hamilton county Jail attach to my motion.

(Doc. 1 at PageID 6). For relief, petitioner requests that jail time be credited to him to reduce his sentence and that he be immediately released. (*Id.* at PageID 16). Respondent has moved to dismiss the petition for lack of jurisdiction, as moot, for failure to comply with Habeas Rule 2, on exhaustion grounds, and for failure to state a cognizable claim for relief in federal habeas corpus. (Doc. 5).

On March 15, 2018, following a bench trial, petitioner was found guilty of Failure to

Register and Comply with Sex Offender Registration Duties and sentenced to 18 months in the Ohio Department of Corrections. (Doc. 4, Ex. 11). Petitioner was also found guilty of contempt of court and sentenced to serve sixty-days in the Hamilton County Justice Center.

On August 6, 2018, petitioner filed a pro se motion for jail-time credit, which was denied by the trial court. (Doc. 4, Ex. 22, 23). On November 5, 2018, the trial court filed a *nunc pro tunc* sentencing entry granting petitioner 120 days of jail time credit. (Doc. 4, Ex. 24).

On February 19, 2019, petitioner filed another motion for jail time credit, which remained pending when petitioner filed the instant habeas corpus petition. As he does in the petition, petitioner claimed he was entitled to jail-time credit under Ohio Rev. Code § 2929.19. (Doc. 4, Ex. 25). On March 18, 2019, the trial court issued an order granting petitioner's motion. (Doc. 4, Ex. 26). Petitioner was released from custody the next day, on March 19, 2019. (Doc. 4, Ex. 27 at PageID 244–45).

Article III, § 2 of the United States Constitution limits the federal judicial power to the adjudication of cases and controversies. In the context of a habeas corpus petition, a district court generally lacks jurisdiction over the petition if the petitioner is not in government custody. Therefore, except in limited circumstances not applicable to the case-at-hand,[1] a petitioner's release from custody generally moots a habeas petition. *See Lane v. Williams*, 455 U.S. 624, 631–32 (1982).

In this case, petitioner does not attack his conviction. Instead, he seeks release from custody on the ground that he was entitled to jail time credits. As noted above, the trial court granted petitioner's motion for jail-time credit (Doc. 4, Ex. 26) and petitioner has been released.

---

[1] As noted above, petitioner has not responded to the motion to dismiss. Petitioner has not otherwise alleged nor is the undersigned aware of any basis to find that petitioner will suffer future collateral consequences as a result of the detention or that the case is "capable of repetition, yet evading review." *See Spencer v. Kemna*, 523 U.S. 1, 7–8, 17–18 (1998).

In the absence of a remaining case or controversy the undersigned recommends that the petition be dismissed as moot. *See Brantley v. Sloan*, No. 1:16-cv-200, 2017 WL 4326661, at *3 (N.D. Ohio Feb. 8, 2017) (finding that a petition challenging jail time credits was rendered moot where the petitioner's term of incarceration had expired and he was released) (Report and Recommendation), *adopted* 2017 WL 4310649 (N.D. Ohio Sept. 28, 2017). *Cf. Kahn v. Attorney General*, Case Nos. 1:15-cv-2014, 1:16-cv-85, at *2 (N.D. Ohio May 17, 2016) ("As Petitioner has received his requested relief by being released from custody on an order of supervision, there is no longer an active case or controversy.") (Report and Recommendation), *adopted*, 2016 WL 4009885 (N.D. Ohio June 25, 2016).

Accordingly, in sum, respondent's motion to dismiss (Doc. 5) should be **GRANTED** and the petition (Doc. 1) should be **DISMISSED as moot**.

    **IT IS SO RECOMMENDED.**

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DEIONANDREA SWEETING,<br>    Petitioner, | Case No. 1:19-cv-127 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, NORTH CENTRAL<br>CORRECTIONAL COMPLEX,<br>    Respondent. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).